FEE DUE

SACV20-2451-VAP(KK)



FILED
CLERK, U.S. DISTRICT COURT
11/10/20
CENTRAL DISTRICT OF CALIFORNIA
BY: CS DEPUTY

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
NOV 16 2020

FILED
DOCKETED 11/16/20
DATE       INITIAL

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**Form 12. Application for Leave to File Second or Successive Petition under 28 U.S.C. § 2254 or Motion under 28 U.S.C. § 2255**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form12instructions.pdf*

9th Cir. Case Number *(to be provided by court)* __20-73369__

Applicant Name __Rudy Cortez__

Prisoner Registration Number __AG-7365__

Address __3000 W. Cecil Ave.__

__Delano, California__

Name of Respondent (Warden) __Christian Pfeiffer__

**You MUST answer the following questions:**

(1) What conviction(s) are you challenging?

Conviction is not being challenged, Application is related to new state law P.C. §1170.126, and its application to resentencing.

(2) In what court(s) were you convicted of these crime(s)?

Superior Court, for the County of Orange (Violation(s)P.C §12025(a)(3); P.C.§12021(a)(1):and H&S.C. § 245(a)(1))

(3) What was the date of each of your conviction(s) and what is the length of each sentence?

25 years to Life, for violation of H.S.§11370.1(a), pursuant to three strikes law.

**For questions (4) through (10), provide information separately for each of your previous §§ 2254 or 2255 proceedings. Use additional pages if necessary.**

(4) Has the judgment of your conviction or sentence been modified or amended? If yes, when and by what court?

_____NO_____

_____///_____

(5) With respect to **each** conviction and sentence, have you ever filed a petition or motion for habeas corpus relief in federal court under **28 U.S.C. § 2254** or **§ 2255?**

Yes ☐   No ☒

   (a) In which federal district court did you file a petition or motion?

_____N/A_____

   (b) What was the docket number?

_____N/A_____

   (c) On what date did you file the petition/motion?

_____N/A_____

(6) What grounds were raised in your previous habeas proceeding?
*(list all grounds and issues previously raised in that petition/ motion)*

_____N/A_____

_____N/A_____

_____N/A_____

(7) Did the district court hold an evidentiary hearing?    Yes ☐   No ☒

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 12                            2                          *Rev. 12/01/18*

(8) How did the district court rule on your petition/motion?

☒ District court **dismissed** petition/motion. If yes, on what grounds?

N/A

☐ District court **denied** petition/motion.

☐ District court **granted** relief. If yes, on what claims and what was the relief?

N/A

(9) On what date did the district court decide your petition/motion?

N/A

(10) Did you file an appeal from that disposition? Yes ☐  No ☒

   (a) What was the docket number of your appeal?

N/A

   (b) How did the court of appeals decide your appeal?

N/A

(11) State concisely each and every ground or issue you wish to raise in your current petition or motion for habeas relief. Summarize briefly the facts supporting each ground or issue.

Due Process Right violation, State created liberty interest (When state fails to abide by its own statutory commands, may implicate liberty interest protected by 14th Amendment against arbitrary deprivation).

(cont. Pg. 3(a) to 3(c))

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 12   3   Rev. 12/01/18

(12) For each ground raised, was it raised in the state courts? If so, what did the state courts rule and when? *(Attach a copy of all relevant state court decisions, if available)*

Yes, raised in state court on 12-13-2017, and 8-20-2020, see Exibits "A" And "B" enclosed.

(13) For each ground/issue raised, was this claim raised in any prior federal petition/motion? *(list each ground separately)*

No

///

(14) For each ground/issue raised, does this claim rely on a new rule of constitutional law? *(list each ground separately and give case name and citation for each new rule of law)*

NO

///

(15) For each ground/issue raised, does this claim rely on newly discovered evidence? What is the evidence and when did you discover it? Why has this newly discovered evidence not been previously available to you? *(list each ground separately)*

NO

///

////

(16) For each ground/issue raised, does the newly discovered evidence establish your innocence? How?

NO

///

(17) For each ground/issue raised, does the newly discovered evidence establish a federal constitutional error? Which provision of the Constitution was violated and how?

///

///

(18) Provide any other basis for your application not previously stated.

Possible Abuse of discretion, in court's failure to respond to People v. Blakely(2014) 225 Cal. App. 4th 1042, 1057(on little or no real danger) issue, and acquiesed, consideration of yeilding by court on issue.

Signature _____  Date  11 / 10 / 20

**In capital cases only, proof of service on respondent MUST be attached. A sample proof of service is attached to this form.**

**Attach proposed section 2254 petition or section 2255 motion to this application.**

*Mail this form to the court at:*
Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 12 — 5 — Rev. 12/01/18

## CERTIFICATE OF SERVICE

### Applications for Leave to File Second or Successive 28 U.S.C. §§ 2254/2255 Petitions/Motions

### DEATH PENALTY CASES ONLY

Case Name _____ v. _____

I certify that a copy of the application for leave to file a second or successive 28 U.S.C. § 2254 petition or § 2255 motion with any attachments was served, either in person or by mail, on the person listed below.

Signature _Rudy Cortez_
(Notary NOT required)

Date of Service  11/10/20

Name: U.S Court of Appeals for 9th Circuit
Address: P.O. BOX 193939, San Francisco, Ca 94119-3939

Office of DA
401 Civic Center Drive W.
P.O. BOX 808
Santa Ana, Ca
92701

A petition for a writ of habeas corpus under 28 U.S.C. 2254 generally requires a petitioner seeking habeas relief to exhaust any available state remedies at the time he files for federal habeas relief. 28 U.S.C. 2254(b); see Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 16 71, 11673-75, 95 L.Ed. 2d 119 (1987); Rose v. Lindy, 455 U.S. 509, 515-20, 71 L. Ed. 2d 379, 102 S Ct. 1198 (1982); Schwartzmiller v. Gardner, 752 F. 2d 1341, 1344(9th Cir. 1984)

On October 16, 2019, petitioner filed Motion for recall of sentence, Pursuant to a recently enacted P.C. § 1170.126, in Superior Court of the State of California, for the County of Orange, Case number 07WF1609, in response to a different Motion for recall of sentence, that was sent to the same Superior Court, but in the year 2017.

The response by the Court from the Motion filed in 2017 was as follows:

"Docket Dt

...6  Having received Petitioner's pro per petition for recall of sentence pursuant to Penal Code 1170.126, and taken judicial notice of the court file in Orange County Superior Court case number 07WF1609 pursuant to Evidence Code 452(d), the Court finds and Orders as follows:

7  'In 2010, Petitioner was sentenced to an indeterminate term of 25 years to life in state prison with the possibilty of parole imposed under the Three Stikes Law upon his conviction of one felony count of carrying a concealed firearm in a vehicle (Pen. Code 12025(a)(3)), one felony count of possession of a firearm by a felon (Pen. Code 12021(a)(1)), and one felony count of possession of methamphetamine while armed with a loaded, operable firearm (Health & Saf, Code 11370.1(a)). The Court also found true that Petitioner previosly had been convicted of two serious or violent felonies pursuant to Penal Code 667(d), (e)(2)(A): 1170.12(b), (c)(2)(A), and that he had served separate prison terms for those felonies pursuant to PC 667.5(b).'

8  'Petitioner now seeks resentencing pursuant to Penal Code 1170.126, arguing that the offense set forth in Count 3 was neither a serious nor a violent felony pursuant to Penal Code 667.5(c) or 1192.7(c). As an initial matter, the petition fails to include proof of service of the moving papers on the Office of the Orange County District Att-

Grounds continued from page 3(a)

orney. Deniel of the petition is warranted for this omission alone. See Cal. Const., Art. I. sec. 29 (providing that in criminal cases, the People have the right to due process of law).'

9 'On the merits, although Count 3--a violation of Health & Safety Code 11370.1(a)--is not statutorily classified as a serious or a violent felony(see Pen. Code 66 7.5(c): 1192.7(c)), Petitioner nevertheless is statutorily ineligable for recall of his sentence because the record of conviction conclusively established that he is serving a sentence for an offense during which he was armed with a firearm. See Pen. Code 1170.126(e)(2) (precluding relief for defendants sentenced for certain offenses enumerated in Pen. Code 667(e)(2)(C)(i)-(iii), 1170,12(c)(2)(C)(i)-(iii), 1170.12(c)(2)(C)(iii)(a defendant is statutorily ineligible for resentencing under Penal Code 1170.126 if, "[d]uring the commission of the current offense, defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person"); Health & Saf. Code 11370.1(a) (outlawing possession of certain controlled substances "while armed with a loaded, operable firearm"). For these reasons, the petition for resentencing pursuant to Penal Code 1170.126 is DENIED.'"

(See Exibit __A Minute Order__ )8-21-2020

The facts presented above, however, did not stop petitioner from resubmitting another motion for recall of sentence, with a request that the court consider California law related to firearms. The Motion for recall of sentence, pursuant to 1170.126, upon reconsideration posed the following to the Superior Court:

"(at "7")This court should find that petitioner meets the criteria set forth in P.C. §1170.126(e)(2):

(i) Petitioner is serving an indeterminate term of life imprisonment imposed under the three strikes law for a conviction of a felony that is not defined as a serious or violent felony under P.C. 667.5(c) Or §1192.7(c);

(ii) In respect to the firearm, Courts have held that mere possession of a firearm, even by a convicted felon, is not by itself sufficient to constitute being "Armed with a firearm" within the meaning of §1170.126 (See People v. Blakely (2014) 225 Cal. App. 4th 1042, 1057(Distiguishing between "a firearm that is merely under the dominion and control of a felon, which could "present little or no real danger" to the public.")

In this case petitioner presented little or no real danger to the public and therefore should be resentenced."

In the petitioner's reconsideration-resubmittion the court below this point went unanswered. Petitioner submits this as a submission by the acquiesed issue

3(b)

Grounds continued from page 3(b)

by the Superior Court, and the People of the State of California on merit.

The Superior Court's response in the petitioner's reconsideration-resubmittion was, in-part as follows:

"Docket Dt

...7 The Court declines to entertain defendant's ex parte motion/petitions. There is no proof of service of defendant's submissions on the Office of the Orange County District Attorney." (and continues) "'the term 'motion' generally means an application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant..[sic]Notices must be given of any application where rights of an adverse party are affected, even though no statue' [sic] may specifically requires [sic] it. (People v. Hazle (2007) 157 Cal. App. 4th 567, 574-575.)

8 Defendant was not convicted of violation of Penal Code Section 647f, and therefore is not eligible for recall of his sentence pursuant to Penal Code section 1170.22.[sic](Note:Penal Code 647(f) is under the "Disorderly Conduct" statute, subdivision "f", relates to being intoxicated while in public)(petitioner never used "647(f)")

9 "The Court already considered a petition for recall of sentence pursuant to Penal Code Section 1170.126. The Court denied the petition on December 13, 2017. No material change in the applicable law or facts is identified warranting reconsideration of petitioner's claim of error. Successive applications upon the same statement of facts are to be discouraged, and a court will ordinarily refuse to consider repeated motions supported by substantially the same showing as the one denied. (Josephson v. Superior Court of Los Angeles County(1963) 219 Cal. App. 2d 354, 359.)

10 Insofar as the Court has any juridiction to rule on these post-judgment, ex-parte request, they are DENIED." See Exibit **B minute Order- 7-5-2018**

Prior to Ninth Circuit Court of Appeal application to file a Second or Successive Habeas Corpus, on new legislative remedy inmate should attempt either the Superior Court relief or State prison help[exhaustion is not complete if the petitioner may raise the issue in state court "by any available procedure."]. See Walker v. Endell, 828 F. 2d 1378, 1382 (9th Cir. 1987)(When a state appellate court disregards a state procedural default and reviews a claim on the merits, the cause and prejudice standard does not apply); Vickers v. Ricketts, 798 F. 2d 369, 373 (9th Cir. 1986)(same), cert. denied, 479 U.S. 1054, 107 S. Ct. 928, 93 L. Ed. 2d 980 (1987).

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ORANGE

# MINUTE ORDER

**Case Number 07WF1609 F A**

**People Vs Cortez, Rodolfo Magana**

Report Request Criteria
1. Docket Date Range     : >= 09/14/2017 00:00:00 and <= 07/05/2018
2. Sequnce Number Range : No sequence number range specified.
3. Docket Category       : Minute Order

*[handwritten: 2 denial]*

| Docket Dt | Seq | Text |
|---|---|---|
| 9/14/2017 | 1 | Motion For Recall Of Sentence (P.C. 1170.126 Prop 36) received. |
|  | 2 | Case referred to Department C-5 for review. |
| 9/25/2017 | 1 | Motion for Recall of Sentence (PC 1170.126 Prop 36) is filed. |
| 12/13/2017 | 1 | **Hearing held on 12/13/2017 at 09:00 AM in Department C5 for Chambers Work.** |
|  | 2 | Judicial Officer: Kimberly Menninger, Judge |
|  | 3 | Clerk: G. Lange |
|  | 4 | No Court Reporter present at proceedings. |
|  | 5 | No appearance by parties. |
|  | 6 | Having received Petitioner's pro per petition for recall of sentence pursuant to Penal Code 1170.126, and having taken judicial notice of the court file in Orange County Superior Court case number 07WF1609 pursuant to Evidence Code 452(d), the Court finds and orders as follows: |
|  | 7 | In 2010, Petitioner was sentenced to an indeterminate term of 25 years to life in state prison with the possibility of parole imposed under the Three Strikes Law upon his conviction of one felony count of carrying a concealed firearm in a vehicle (Pen. Code 12025(a)(3)), one felony count of possession of a firearm by a felon (Pen. Code 12021(a)(1)), and one felony count of possession of methamphetamine while armed with a loaded, operable firearm (Health & Saf. Code 11370.1(a)). The Court also found true that Petitioner previously had been convicted of two serious or violent felonies pursuant to Penal Code 667(d), (e)(2)(A); 1170.12(b), (c)(2)(A), and that he had served separate prison terms for those felonies pursuant to PC 667.5(b). |
|  | 8 | Petitioner now seeks resentencing pursuant to Penal Code 1170.126, arguing that the offense set forth in Count 3 was neither a serious nor a violent felony pursuant to Penal Code 667.5(c) or 1192.7(c). As an initial matter, the petition fails to include proof of service of the moving papers on the Office of the Orange County District Attorney. Denial of the petition is warranted for this omission alone. See Cal. Const., Art. I, sec. 29 (providing that in criminal cases, the People have the right to due process of law). |

*[handwritten: : something neglected or left undone]*

---

Name: Cortez, Rodolfo Magana                                      Case: 07WF1609 F A
Page 1 of 2                    MINUTE ORDER              Report Date: 07/05/2018 16:19

EXHIBIT A

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ORANGE

# MINUTE ORDER

**Case Number 07WF1609 F A**

**People Vs Cortez, Rodolfo Magana**

**Report Request Criteria**
1. Docket Date Range : >= 09/14/2017 00:00:00 and <= 07/05/2018
2. Sequnce Number Range : No sequence number range specified.
3. Docket Category : Minute Order

| Docket Dt | Seq | Text |
|---|---|---|
| 12/13/2017 | 9 | On the merits, although Count 3 -- a violation of Health & Safety Code 11370.1(a) -- is not statutorily classified as a serious or violent felony (see Pen. Code 667.5(c); 1192.7(c)), Petitioner nevertheless is statutorily ineligible for a recall of his sentence because the record of conviction conclusively establishes that he is serving a sentence for an offense during which he was armed with a firearm. See Pen. Code 1170.126(e)(2) (precluding relief for defendants sentenced for certain offenses enumerated in Pen. Code 667(e)(2)(C)(i)-(iii), 1170.12(c)(2)(C)(i)-(iii)); Pen. Code 667(e)(2)(C)(iii), 1170.12(c)(2)(C)(iii)(a defendant is statutorily ineligible for resentencing under Penal Code 1170.126 if, "[d]uring the commission of the current offense, defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person"); Health & Saf. Code 11370.1(a) (outlawing possession of certain controlled substances "while armed with a loaded, operable firearm"). For these reasons, the petition for resentencing pursuant to Penal Code 1170.126 is DENIED. |
| | 10 | The Clerk of the Court is directed to serve a copy of this order on the Office of the Orange County District Attorney and on Petitioner. |
| | 11 | Copy of Minute Order mailed to<br><br>Orange County District Attorney<br>Appellate and Training Unit<br>401 Civic Center Drive West<br>Santa Ana, CA 92701<br><br>Rodolfo M. Cortez CDCR #AG7365<br>P.B.S.P<br>P.O. Box 7500<br>Crescent City, CA 95532. |
| | 12 | Minutes of 12/13/2017 entered on 12/14/2017. |

EXHIBIT B

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ORANGE

# MINUTE ORDER

Case Number   07WF1609 F A

**People Vs Cortez, Rodolfo Magana**

**Report Request Criteria**
1. Docket Date Range      : Date filter
2. Sequnce Number Range : Sequence filter
3. Docket Category        : Category filter

| Docket Dt | Seq | Text |
|---|---|---|
| 8/10/2020 | 1 | **Hearing held on 08/10/2020 at 04:00 PM in Department C5 for Chambers Work .** |
| | 2 | Judicial Officer: Cheri T Pham, Judge |
| | 3 | Clerk: M. Johnson |
| | 4 | No Court Reporter present at proceedings. |
| | 5 | No appearance by parties. |
| | 6 | Having received defendant's ex parte Petition for Resentencing per Penal Code Section 1170.22 and Motion for Recall of Sentence per Penal Code Section 1170.26 filed on June 5, 2019 and October 22, 2019, respectively, the Court issues the following order: |
| | 7 | The Court declines to entertain defendant's ex parte motions/petitions. There is no proof of service of defendant's submissions on the Office of the Orange County District Attoney. "The term 'motion' generally means an application made to a court or judge for purpose of obtaining a rule or order directlng some act to be done in favor of the applicant...Notices must be given of any application where the rights of an adverse party are affected, even though no statue" may specifically requires it. (People v. Hazle (2007) 157 Cal.App.4th 567, 574-575.) |
| | 8 | Defendant was not convicted of a violation of Penal Code Section 647f and therefore is not eligible for recall of his sentence pursuant to Penal Code Section 1170.22. (1170.126) |
| | 9 | The court already considered a petition for recall of sentence pursuant to Penal Code Section 1170.126. The court denied the petition on December 13, 2017. No material change in the applicable law or facts is identified warranting reconsideration of petitioner's claim of error. Successive applications upon the same statement of facts are to be discouraged, and a court will ordinarily refuse to consider repeated motions supported by substantially the same showing as the one denied. (Josephson v. Superior Court of Los Angeles County (1963) 219 Cal.App.2d 354, 359.) |
| | 10 | Insofar as the court has any jurisdiction to rule on these post-judgment, ex parte requests, they are denied. |
| | 11 | The clerk of the court shall serve a copy of this order on the Office of the Orange County District Attorney and the defendant. |
| | 12 | The clerk this date has forwarded a copy of this minute order to Orange County District Attorney's Office |

*[Handwritten annotations: "But you (court) fuck it up" next to item 9]*

Name: Cortez, Rodolfo Magana                                                Case: 07WF1609 F A
Page 1 of 2                          MINUTE ORDER              Report Date: 08/21/2020 16:17

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ORANGE

# MINUTE ORDER

**Case Number   07WF1609 F A**

**People Vs Cortez, Rodolfo Magana**

Report Request Criteria
1. Docket Date Range      : Date filter
2. Sequnce Number Range : Sequence filter
3. Docket Category          : Category filter

| Docket Dt | Seq | Text |
|---|---|---|
| 8/10/2020 | 13 | Copy of this minute order mailed to Rudy Cortez, CDCR AG-7365, Kern Valley State Prison, B -7-226, P.O. Box 5102, Delano, California 93216, |
|  | 14 | Minutes of 08/10/2020 entered on 08/21/2020. |